UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN T. OLSZYK,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE MICHAEL BARRASSE, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:20-CV-00319<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

*Pro se* plaintiff John T. Olszyk, a pretrial detainee presently housed at the Lackawanna County Prison, commenced the instant action on February 21, 2020, asserting claims pursuant to 42 U.S.C. § 1983 for violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights against Lackawanna County Judge Michael J. Barrasse, Clerk of Courts Mauri Kelly, Head Probation Officer Eugene Eiden, and Chief Public Defender of the county's Public Defender's Officer (collectively, "Defendants"). (Doc. 1, at 2-3). Olszyk seeks a preliminary injunction and compensatory, nominal, and punitive damages. (Doc. 1, at 5). After commencing this action, Olszyk filed a motion for leave to proceed *in forma pauperis*. (Doc. 5; *see* Doc. 6).[1]

The matter is now before the Court (1) pursuant to its statutory obligation to screen the complaint pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915, and 42 U.S.C. § 1997e and

---

[1] In his complaint, Olszyk includes a plea to the Court for appointment of counsel. (Doc. 1, at 12). The application for appointment of counsel should be made in a formal motion to the Court. In any event, because the merits of Olszyk's claim are unclear at this time and the Court is therefore dismissing the complaint but granting him leave to file an amended pleading, any motion for appointment of counsel is premature.

dismiss it if it fails to state a claim upon which relief can be granted; and (2) for decision on Olszyk's motion for leave to proceed *in forma pauperis*. (Doc. 1; Doc. 5).

For the following reasons, the Court finds that dismissal is warranted pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915, and 42 U.S.C. § 1997e but that Olszyk should be granted leave to file an amended complaint. Olszyk's motion to proceed *in forma pauperis* (Doc. 5) is **GRANTED**.

I.  **BACKGROUND**

Liberally construing Olszyk's complaint, he appears to assert that since 2017 and through today, Judge Michael Barrasse has been depriving him of due process and been deliberately indifferent to Olszyk in violation of the Eighth Amendment. (Doc. 1, at 4-5). He alleges that all Defendants caused him severe mental anguish and emotional distress through a "lack of any concern for a traumatic brain psychosis since July 7th 2018 and the denial of any and all Rehabilitation Services Guaranteed to [him] by [*illegible*]." (Doc. 1, at 5).[2]

Olszyk seeks "a Preliminary Injunction on Behalf of illegal activity at Lackawanna County Court House" and "Monetary Damages from all mentioned parties in Compens[atory,] Nominal[,] and Punitive Damages." (Doc. 1, at 5). He asserts that he grieved the issues upon which he seeks relief, including instances of medical negligence, assault, medical neglect, and due process violations, all of which were denied. (Doc. 1, at 7). Additionally, Olszyk "filed with Judicial Conduct Board & Office of Disciplinary Counsel." (Doc. 1, at 7).

Included in Olszyk's complaint is a February 13, 2020 letter he sent to the Clerk of the

---

[2] Olszyk also alleges that he is being illegally incarcerated. (Doc. 1, at 5). Presumably, he is challenging his incarceration in his pending writ of habeas corpus, *see infra*.

Court in which he references two other pending actions he commenced in this Court: a previously filed 42 U.S.C. § 1983 action filed under docket number 3:20-CV-00002, and a petition for a writ of habeas corpus filed under docket number 3:20-cv-00230, both of which have been assigned to District Judge Robert D. Mariani. (Doc. 1, at 12). As exhibits to his complaint, Olszyk has attached his habeas petition along with ten other sets of documents, 141 pages in total. (Doc. 1). Regarding the § 1983 action, Olszyk indicates, in part: "I wrote a separate letter to advise your office about Amending my previous Complaint. This added Civil Case & all documentation can be added to my current Complaint." (Doc. 1, at 12).[3] As to the habeas petition, Olszyk writes, "This paperwork will also prove all the civil liberties that I am being denied." (Doc. 1, at 12).

## II.  LEGAL STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In this case, because Olszyk is suing

---

[3] The Court's records concerning docket number 3:20-CV-00002 do not indicate that Olszyk filed a motion to amend his complaint in that case. It is unclear whether and to what extent the allegations he intends to assert in his current complaint overlap with those in his previously filed § 1983 claim.

government officials, seeks to proceed *in forma pauperis*, and appears to complain about prison conditions, all three provisions apply. In performing its mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court of the United States held in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, every complaint, including that filed by *pro se* litigant, is subject to the pleading requirements as articulated in Rule 8(a) of the Federal Rules of Civil Procedure,

which requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007);

Olszyk asserts claims pursuant to 42 U.S.C. § 1983. (Doc. 1, at 3). In order to state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir.2009). The "under color of state law" element of § 1983 means that the statute does not apply to "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

### III. DISCUSSION

Here, notwithstanding the Court's liberal construction of the complaint as is necessary for *pro se* litigants, it is compelled to find Olszyk's complaint, bereft of any factual allegations, fails meet the pleading requirements of Rule 8. The pleading does not provide any meaningful opportunity for Defendants to decipher or answer the allegations levied against them. *See Twombly*, 550 U.S. at 555. The collection of exhibits attached to the complaint amount to 141 pages that, as a whole, set forth allegations so "rambling and unclear" as to defy response. *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011); *see also Earnest v. Ling,* 140 F. App'x 431, 432 (3d Cir. 2005). Thus, while the Court must consider exhibits attached to a complaint in determining whether a plaintiff sets forth a claim for relief, here, the lack of any specific allegations in the complaint, together with the sheer volume of exhibits attached thereto, fall short of satisfying Rule 8(b).

### IV. LEAVE TO AMEND

The Third Circuit has instructed district courts to permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). As the complaint in its current form does not clearly set forth any claims against the Defendants, dismissal is warranted. However, to preserve Olszyk's rights as a *pro se* litigant, the Court will grant him leave to file an amended complaint setting forth any factual allegation and legal claims which qualify for § 1983 recourse. The amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).[4] The amended complaint must also establish the existence of specific actions taken by the Defendants and indicate the ways in which the exhibits attached to Olszyk's complaint tend to establish the claims he is asserting. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978). Further, it must be "simple, concise, and direct" as required by Rule 8(d)(1). **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety**.

### V. CONCLUSION

For the following reasons, the Court finds that dismissal is warranted pursuant to the 28 U.S.C. § 1915A, 28 U.S.C. § 1915, and 42 U.S.C. § 1997e but that Olszyk should be granted leave to file a second amended complaint. Olszyk will be granted leave to file an amended complaint within **thirty (30) days**. Additionally, Olszyk's motion to proceed *in forma pauperis* (Doc. 5) is **GRANTED**.

---

[4] Nor should Olszyk rely on references to his other pending actions in asserting the instant claims.

- 8 -

An appropriate order follows.

                                                               **BY THE COURT:**

**Dated: May 22, 2020**                        *s/ Karoline Mehalchick*
                                                      **KAROLINE MEHALCHICK**
                                                        **United States Magistrate Judge**